STATE of Iowa, Appellee,

v.

William RILEY, Appellant.

No. 89–336.

Court of Appeals of Iowa.

Feb. 22, 1990.

Robert W. Thompson, Reinbeck, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and James Metcalf, County Atty., for appellee.

Heard by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

DONIELSON, Judge.

On April 8, 1988, an assailant, carrying a hammer, broke into the victim's home and forced the victim to turn over various items of jewelry and personal property. After taking possession of these items, the assailant struck the victim on the head, causing an injury, and then raped the victim. Among other things taken from the victim's home were several of her rings.

Defendant was arrested for these acts. After a trial to the court, he was found guilty of burglary in the first degree and sexual abuse in the third degree. Defendant has appealed from the resulting convictions.

Defendant challenges the sufficiency of the evidence to identify him as the assailant. He also contends the burglary charge should not have been elevated to first-degree burglary because the infliction of physical injury did not occur until after the thefts had been completed and it was a part of the sexual abuse rather than part of the burglary offense.

I. *Sufficiency of the Evidence*

We will uphold a verdict where there is substantial evidence in the record tending to support the charge. *State v. Wheeler*, 403 N.W.2d 58, 60 (Iowa App. 1987). The standards governing a challenge to the sufficiency of the evidence are well established:

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the state, including legitimate inferences and

presumptions which may fairly and reasonably be deduced from the evidence in the record. Direct and circumstantial evidence are equally probative so long as the evidence raises "a fair inference of guilt and [does] more than create speculation, suspicion, or conjecture." It is necessary to consider all the evidence in the record and not just the evidence supporting the verdict to determine whether there is substantial evidence to support the charge. Substantial evidence means evidence which would convince a rational factfinder that the defendant is guilty beyond a reasonable doubt.

*Id.* (citations omitted).

Viewing the evidence in the light most favorable to the State, it is apparent there is substantial evidence from which the trial court could reasonably have concluded defendant committed the burglary and sexual abuse for which he was charged.

In addition to defendant's palm print found on the rear door of the victim's home, evidence was presented which indicated defendant could not be ruled out as the source of semen found in the victim's vagina, and an acquaintance of defendant's testified as to a conversation she had with defendant on May 2, 1988, in which he asked her to sell some rings for him. The police testified as to the identification of the defendant as the rapist by a confidential informant and the recovery of a hammer during a search of defendant's home. The police also provided testimony about an incriminating statement defendant made when arrested. After being informed he was being arrested for burglary and rape, defendant stated he could not have committed the crimes "because he had been working every day," despite the fact that the arresting officer had not told him the attack occurred during the daylight hours.

Defendant focuses on the victim's failure to identify his photo in a photo lineup. Yet the record reveals she did identify his photo as having some characteristics of her assailant, and with the exception of sideburns the victim claimed her assailant wore, the trial court noted the balance of her description fit the defendant. The victim also assisted the police in producing a composite sketch which fit the description of the defendant.

Viewing the evidence in a light most favorable to the State, we find it raises a fair inference of guilt and does more than create speculation, suspicion, or conjecture. The evidence in this matter was sufficient to support the convictions.

## II. *Physical Injury*

■ Defendant claims he could not be convicted of burglary in the first degree because any physical injury incurred by the victim occurred during the separate crime of sexual abuse.[1] This court is unable to conclude, as defendant does, that the blow to the victim's head came after the burglary was completed and was "the logical start of the sexual abuse."

At the time defendant struck the victim he was still unlawfully within an occupied structure with the "intent to commit a felony, assault or theft." Iowa Code § 713.1 (1987). The blow to the victim's head was the infliction of "physical injury" during the perpetration of a burglary. Iowa Code § 713.3 (1987).

We note the victim sustained other physical injuries during the burglary. When defendant demanded that she give him her property, he grabbed the victim by her hair and caused scratches on her neck.

It is well established a defendant may be convicted for separate offenses which arise from the same transaction or occurrence. See Iowa R.Crim.P. 6(1); 21 Am.Jur.2d *Criminal Law* § 277 (1981); 22 C.J.S. *Criminal Law* § 14 (1989). There was sufficient evidence of the infliction of physical injury to sustain defendant's conviction of first-degree burglary, and his claim that the striking of the victim was an "inherent incident" of the sexual abuse is without merit in this case.

AFFIRMED.

---

1. A person commits burglary in the first degree if, while perpetrating a burglary, the person intentionally or recklessly inflicts physical injury on any person. Iowa Code § 713.3 (1987).